Matter of Binstock (2021 NY Slip Op 06024)





Matter of Binstock


2021 NY Slip Op 06024


Decided on November 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 4, 2021

PM-147-21
[*1]In the Matter of Jonathan Marc Binstock, a Resigned Attorney. (Attorney Registration No. 4580494.)

Calendar Date:October 18, 2021

Before:Garry, P.J., Egan Jr., Clark, Reynolds Fitzgerald and Colangelo, JJ.

Jonathan Marc Binstock, Potomac, Maryland, pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Jonathan Marc Binstock was admitted to practice by this Court in April 2008 after previously being admitted to practice in his home state of Maryland in June 2000. Binstock resigned from the New York bar for nondisciplinary reasons by leave of this Court in August 2010. Binstock now applies for reinstatement to the practice of law in New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]; Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [b]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) advises that it opposes Binstock's application based upon certain identified omissions; however, Binstock has since supplied the missing information by reply affidavit.
An attorney seeking reinstatement following nondisciplinary resignation must make his or her application by standardized form affidavit as provided in appendix F to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.22 (b), and provide notice of the application to AGC (see Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [b]). In seeking reinstatement, an applicant "should establish both the requisite legal education or experience and the necessary character and fitness as would be required of an applicant for admission in the first instance" (Matter of Tuve, 171 AD3d 1392, 1393 [2019] [internal quotation marks and citation omitted]; see Matter of Weiss, 166 AD3d 1159, 1160 [2018]; compare Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a] [requiring disbarred or suspended attorneys to additionally show that reinstatement would be in the public interest]).
Here, we find that Binstock has properly completed the required form affidavit, which raises no concerns about his character and fitness to resume the practice of law in this state. Further, Binstock provides proof that he has remained current with developments in the law by completing sufficient credits of continuing legal education that would potentially satisfy his attorney registration requirements in this jurisdiction were he to be reinstated (see generally Rules of App Div, All Depts [22 NYCRR] § 1500.22). Accordingly, having determined that Binstock has the required legal training and the necessary character and fitness, we grant his application and restore his name to the roll of attorneys and counselors-at-law, effective immediately (see Matter of Rosales, 174 AD3d 1280, 1281 [2019]; Matter of Gaudioso, 159 AD3d at 1218).
Garry, P.J., Egan Jr., Clark, Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that Jonathan Marc Binstock's application for reinstatement is granted; and it is further
ORDERED that Jonathan Marc Binstock's name is hereby restored to the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that Jonathan Marc Binstock shall, within 30 days of the date of this decision, file an attorney registration statement with the Chief Administrator of the Courts pursuant [*2]to Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1.