Matter of Lavielle (2021 NY Slip Op 06910)





Matter of Lavielle


2021 NY Slip Op 06910


Decided on December 9, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:December 9, 2021

PM-171-21
[*1]In the Matter of Jean-Pierre S. Lavielle, a Resigned Attorney. (Attorney Registration No. 4522694.)

Calendar Date:November 15, 2021

Before:Garry, P.J., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.

Jean-Pierre S. Lavielle, Wilton, Connecticut, pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Jean-Pierre S. Lavielle was admitted to practice by this Court in 2007. Lavielle resigned from the practice of law in this state for nondisciplinary reasons by leave of this Court in June 2019 (173 AD3d 1600 [2019]).[FN1] Lavielle now applies for reinstatement to the practice of law in New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]; Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [b]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) advises that it opposes Lavielle's application based upon certain identified omissions in his submission; however, Lavielle has since supplied the missing information in reply.
An attorney seeking reinstatement following a nondisciplinary resignation must make his or her application by standardized form affidavit as provided in appendix F to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.22 (b), and provide notice of the application to AGC (see Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [b]). In seeking reinstatement, an applicant "should establish both the requisite legal education or experience and the necessary character and fitness as would be required of an applicant for admission in the first instance" (Matter of Tuve, 171 AD3d 1392, 1393 [2019] [internal quotation marks and citation omitted]; see Matter of Weiss, 166 AD3d 1159, 1160 [2018]).
Here, we find that Lavielle's submissions meet the above standard and sufficiently provide the information required by the form affidavit, which raises no concerns about his character and fitness to resume the practice of law in this state. Accordingly, we grant his application and restore his name to the roll of attorneys and counselors-at-law, effective immediately (see Matter of Binstock, ___ AD3d ___, 153 NYS3d 917 [2021]; Matter of Rosales, 174 AD3d 1280, 1281 [2019).
Garry, P.J., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that Jean-Pierre S. Lavielle's application for reinstatement is granted; and it is further
ORDERED that Jean-Pierre S. Lavielle's name is hereby restored to the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that Jean-Pierre S. Lavielle shall, within 30 days of the date of this decision, file an attorney registration statement with the Chief Administrator of the Courts pursuant to Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1.



Footnotes

Footnote 1: Lavielle previously voluntarily resigned from the practice of law in this state for nondisciplinary reasons in March 2014 and was reinstated in April 2016.