Matter of Holup (2022 NY Slip Op 01374)





Matter of Holup


2022 NY Slip Op 01374


Decided on March 3, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:March 3, 2022

PM-45-22
[*1]In the Matter of Robert Nicholas Holup, a Resigned Attorney. (Attorney Registration No. 5587480.)

Calendar Date:February 21, 2022

Before:Garry, P.J., Clark, Aarons, Pritzker and Reynolds Fitzgerald, JJ.

Robert Nicholas Holup, Maplewood, New Jersey, respondent pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.



Per Curiam.
Robert Nicholas Holup was admitted to practice by this Court in January 2018. In July 2017, Holup was admitted to practice in the state of New Jersey, where he remains an attorney in good standing.[FN1] Thereafter, in August 2020, Holup applied for leave to resign from the New York bar for nondisciplinary reasons, citing his admission in other jurisdictions and the lack of any necessity to maintain his New York law license as a condition of employment with his former employer. This Court granted Holup's application and removed his name from the roll of attorneys and counselors-at-law in November 2020 (188 AD3d 1552 [2020]). Holup now applies for his reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22), and the Attorney Grievance Committee for the Third Judicial Department advises that it does not oppose his application.
An applicant seeking reinstatement from nondisciplinary resignation must "establish both the requisite legal education or experience and the necessary character and fitness as would be required of an applicant for admission in the first instance" (Matter of Weiss, 166 AD3d 1159, 1160 [2018]; see Matter of Gaudioso, 159 AD3d 1217, 1218 [2018]). In making our determination, we have wide discretion to either grant the application, with or without any conditions deemed appropriate, or to deny the application with leave to renew upon the completion of the Multistate Professional Responsibility Examination, additional continuing legal education or even the New York Bar Examination (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]; see generally Matter of Tuve, 171 AD3d 1392, 1393 [2019]).
Holup has properly submitted his application for reinstatement from nondisciplinary resignation in the form provided in appendix F to the Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240 (see Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [b]). In doing so, Holup attests that, since the date of our order granting his resignation, he has no criminal history and has not been subjected to any discipline in any jurisdiction in which he is admitted. To this end, Holup provides proof that he is presently in good standing in New Jersey, his home jurisdiction. Further, Holup attests that he does not suffer from any condition or impairment affecting his ability to practice law. Finally, Holup provides proof of his compliance with the continuing legal education requirements of his home jurisdiction, which would in turn satisfy his requirements in this state (see Rules of App Div, All Depts [22 NYCRR] § 1500.5 [b] [1]; § 1500.22 [n] [1]). Accordingly, we find that Holup "has the requisite legal training and experience, as well as the necessary character and fitness, to justify his reinstatement" (Matter of Weiss, 166 AD3d at 1160), and we therefore grant his application for reinstatement and restore his name to the roll of attorneys in this state, effective immediately.
Garry, P.J., Clark, Aarons[*2], Pritzker and Reynolds Fitzgerald, JJ., concur.
ORDERED that Robert Nicholas Holup's application for reinstatement is granted; and it is further
ORDERED that Robert Nicholas Holup's name is hereby restored to the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that Robert Nicholas Holup shall, within 30 days of the date of this decision, file an attorney registration statement with the Chief Administrator of the Courts pursuant to Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1.



Footnotes

Footnote 1: Holup was also previously admitted in the District of Columbia, but resigned from the practice of law in that jurisdiction in September 2020.