Matter of Corey (2022 NY Slip Op 03044)

Matter of Corey

2022 NY Slip Op 03044

Decided on May 5, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 5, 2022

PM-100-22
[*1]In the Matter of Jon David Corey, a Resigned Attorney. (Attorney Registration No. 4747614.)

Calendar Date:April 25, 2022

Before:Lynch, J.P., Aarons, Colangelo, Ceresia and McShan, JJ.

Jon David Corey, Los Angeles, California, pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Jon David Corey was admitted to practice by this Court in August 2009, but resigned for nondisciplinary reasons by leave of this Court in July 2018 (Matter of Corey, 163 AD3d 1258 [2018]). He is also admitted to practice in California, the District of Columbia and several federal courts, and the record proof demonstrates his good standing in these jurisdictions. Corey now applies for reinstatement to the practice of law in New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]; Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [b]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) raises no objection to Corey's application and advises that it defers to our discretion.
An attorney seeking reinstatement following nondisciplinary resignation must make his or her application by standardized form affidavit as provided in appendix F to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.22 (b), and provide notice of the application to AGC (see Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [b]). In seeking reinstatement, an applicant "should establish both the requisite legal education or experience and the necessary character and fitness as would be required of an applicant for admission in the first instance" (Matter of Tuve, 171 AD3d 1392, 1393 [2019] [internal quotation marks and citation omitted]; see Matter of Binstock, 199 AD3d 1115, 1115 [2021]; compare Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a] [requiring disbarred or suspended attorneys to additionally demonstrate that reinstatement would be in the public interest]).
Here, we find that Corey has properly submitted an affidavit in the required form, and his attestations therein raise no concerns about his character and fitness to resume the practice of law in this state. Further, we find no deficiencies related to Corey's legal experience, as demonstrated by his present legal practice in California and submission of proof indicating that he has remained current with developments in the law by completing several credits of continuing legal education in both New York and California. Accordingly, having determined that Corey has the required legal training and the necessary character and fitness, we grant his application and restore his name to the roll of attorneys and counselors-at-law, effective immediately (see Matter of Rosales, 174 AD3d 1280, 1281 [2019]; Matter of Gaudioso, 159 AD3d 1217, 1218 [2018]).
Lynch, J.P., Aarons, Colangelo, Ceresia and McShan, JJ., concur.
ORDERED that Jon David Corey's application for reinstatement is granted; and it is further
ORDERED that Jon David Corey's name is hereby restored to the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that Jon David Corey shall, within 30 days of the date of this decision, file an attorney registration statement with the Chief Administrator of the Courts pursuant [*2]to Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1.