Matter of Finamore (2022 NY Slip Op 04776)

Matter of Finamore

2022 NY Slip Op 04776

Decided on July 28, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:July 28, 2022

PM-140-22
[*1]In the Matter of Matthew Francis Finamore, a Resigned Attorney. (Attorney Registration No. 5514203.)

Calendar Date:July 11, 2022

Before:Lynch, J.P., Clark, Aarons, Pritzker and McShan, JJ.

Matthew Francis Finamore, Bremerton, Washington, pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Matthew Francis Finamore was admitted to practice by this Court in August 2017, but resigned for nondisciplinary reasons by leave of this Court in November 2021 (199 AD3d 1226 [2021]). He is also admitted to practice in the state of Washington, and the record proof demonstrates his good standing in that jurisdiction. Finamore now applies for reinstatement to the practice of law in New York (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]; Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [b]). The Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) advises that it defers to our discretion as to the disposition of Finamore's motion.
An attorney seeking reinstatement following nondisciplinary resignation must make his or her application by standardized form affidavit as provided in appendix F to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.22 (b), and provide notice of the application to AGC (see Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [b]). Moreover, the applicant "should establish both the requisite legal education or experience and the necessary character and fitness as would be required of an applicant for admission in the first instance" (Matter of Tuve, 171 AD3d 1392, 1393 [2019] [internal quotation marks and citation omitted]; see Matter of Binstock, 199 AD3d 1115, 1115 [2021]; compare Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.16 [a] [requiring disbarred or suspended attorneys to additionally demonstrate that reinstatement would be in the public interest]).
Here, we find that Finamore has properly submitted an affidavit in the required form, and his attestations therein raise no concerns about his character and fitness to resume the practice of law in this state. Further, we find no deficiencies related to Finamore's legal experience, as demonstrated by his submission of proof indicating that he has remained current with developments in the law by completing numerous credits of continuing legal education which would potentially satisfy the attorney registration requirements in this jurisdiction were he to be reinstated (see generally Rules of App Div, All Depts [22 NYCRR] § 1500.22). Accordingly, having determined that Finamore has the required legal training and the necessary character and fitness, we grant his application and restore his name to the roll of attorneys and counselors-at-law, effective immediately (see Matter of Corey, 205 AD3d 1127, 1128 [2022]; Matter of Binstock, 199 AD3d at 1115-1116 [2021]; Matter of Gaudioso, 159 AD3d 1217, 1218 [2018]).
Lynch, J.P., Clark, Aarons, Pritzker and McShan, JJ., concur.
ORDERED that Matthew Francis Finamore's application for reinstatement is granted; and it is further
ORDERED that Matthew Francis Finamore's name is hereby restored to the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that Matthew Francis Finamore shall, within [*2]30 days of the date of this decision, file an attorney registration statement with the Chief Administrator of the Courts pursuant to Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1.