Matter of Mishra (2022 NY Slip Op 05128)

Matter of Mishra

2022 NY Slip Op 05128

Decided on September 1, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 1, 2022

PM-151-22
[*1]In the Matter of Pushkal Mishra, a Resigned Attorney. (Attorney Registration No. 5364658.)

Calendar Date:August 22, 2022

Before:Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ.

Pushkal Mishra, Irvine, California, respondent pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Pushkal Mishra was admitted to practice by this Court in 2015, following his 2014 admission in his home state of California, where he now practices intellectual property law with a firm. Last year, Mishra applied for leave to resign from the New York bar for nondisciplinary reasons, citing the financial burden of maintaining multiple state licensures and the absence of his actual practice in New York. This Court granted the application and removed his name from the roll of attorneys and counselors-at-law in November 2021 (199 AD3d 1297 [3d Dept 2021]). Mishra now applies for his reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22), and the Attorney Grievance Committee for the Third Judicial Department advises that it does not oppose his application.
An applicant seeking reinstatement from nondisciplinary resignation must "establish both the requisite legal education or experience and the necessary character and fitness as would be required of an applicant for admission in the first instance" (Matter of Weiss, 166 AD3d 1159, 1160 [3d Dept 2018]; see Matter of Gaudioso, 159 AD3d 1217, 1218 [3d Dept 2018]). In disposing of such an application, we have wide discretion to either grant the application, with or without any conditions deemed appropriate, or to deny the application with leave to renew upon the completion of the Multistate Professional Responsibility Examination, additional continuing legal education or even a new administration of the New York Bar Examination (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]; see generally Matter of Tuve, 171 AD3d 1392, 1393 [3d Dept 2019]).
In support of his application herein, Mishra has prepared an affidavit in general accord with Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, appendix F and has therein established his entitlement to reinstatement. On the issue of his legal experience and training, Mishra exhibits eight years of continuous practice in California and is currently in good standing with both the California bar and a number of geographically proximate federal courts (cf. Rules of Court of Appeals [22 NYCRR] § 520.10). On the topic of Mishra's character and fitness, we note that he has no disciplinary or criminal history in California since his resignation in this state and avers that he has no condition or impairment which would limit his ability to practice law. Accordingly, we conclude that Mishra "'has the requisite legal training and experience, as well as the necessary character and fitness, to justify his reinstatement'" (Matter of Holup, 203 AD3d 1303, 1304 [3d Dept 2022], quoting Matter of Weiss, 166 AD3d at 1160) and we therefore grant his application for reinstatement and restore his name to the roll of attorneys in this state, effective immediately.
Egan Jr., J.P., Aarons, Pritzker, Reynolds Fitzgerald and McShan, JJ., concur.
ORDERED that Pushkal Mishra's application for reinstatement is granted; and it is further[*2]
ORDERED that Pushkal Mishra's name is hereby restored to the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that Pushkal Mishra shall, within 30 days of the date of this decision, file an attorney registration statement with the Chief Administrator of the Courts pursuant to Judiciary Law § 468—a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1.