Matter of O'Neill (2022 NY Slip Op 06060)

Matter of O'Neill

2022 NY Slip Op 06060

Decided on October 27, 2022

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:October 27, 2022

PM-177-22
[*1]In the Matter of Mary Elizabeth, O'Neill, a Resigned Attorney. (Attorney Registration No. 5177001.)

Calendar Date:August 22, 2022

Before:Lynch, J.P., Clark, Reynolds Fitzgerald, Ceresia and McShan, JJ.

Mary Elizabeth O'Neill, Charlotte, North Carolina, respondent pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany, for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
Mary Elizabeth O'Neill was admitted to practice by this Court in 2013, and is currently also admitted to practice in nine other US states. She most recently listed a business address in Atlanta, Georgia with the Office of Court Administration, but currently resides in Charlotte, North Carolina, where she is a litigation partner in a firm. Citing her inability to practice in New York at her then-current firm (see Judiciary Law § 470), O'Neill applied for leave to resign from the New York bar in June 2017, and this Court granted the application by August 2017 order (153 AD3d 1088 [3d Dept 2017]). O'Neill now applies for her reinstatement (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22), and the Attorney Grievance Committee for the Third Judicial Department advises that it does not oppose her application.
An applicant seeking reinstatement from nondisciplinary resignation must "establish both the requisite legal education or experience and the necessary character and fitness as would be required of an applicant for admission in the first instance" (Matter of Weiss, 166 AD3d 1159, 1160 [3d Dept 2018]; see Matter of Gaudioso, 159 AD3d 1217, 1218 [3d Dept 2018]). In disposing of such an application, we have wide discretion to either grant the application, with or without any conditions deemed appropriate, or to deny the application with leave to renew upon the completion of the Multistate Professional Responsibility Examination, additional continuing legal education or even a new administration of the New York Bar Examination (see Rules for Attorney Disciplinary Matters [22 NYCRR] § 1240.22 [b]; see generally Matter of Tuve, 171 AD3d 1392, 1393 [3d Dept 2019]).
In support of her application herein, O'Neill has prepared an affidavit in general accord with Rules for Attorney Disciplinary Matters (22 NYCRR) part 1240, appendix F and has therein established her entitlement to reinstatement. On the issue of her legal experience and training, O'Neill has established her admission in several jurisdictions over the course of her 30-year career (cf. Rules of Court of Appeals [22 NYCRR] § 520.10) and, notwithstanding her resignation from the New York bar, she has nonetheless completed more than 40 hours of New York accredited continuing legal education coursework over the last five years (compare Matter of Tuve, 171 AD3d at 1393). On the topic of O'Neill's character and fitness, we note that she has no criminal or disciplinary history since her resignation in this state in any of the jurisdictions where she is admitted, and she further avers that she has no condition or impairment which would limit her ability to practice law. Accordingly, we conclude that O'Neill has demonstrated her entitlement to reinstatement (see Matter of Holup, 203 AD3d 1303, 1304 [3d Dept 2022]) and we therefore grant her application for reinstatement and restore her name to the roll of attorneys in this state, effective immediately.
Lynch, J.P., Clark, Reynolds Fitzgerald[*2], Ceresia and McShan, JJ., concur.
ORDERED that Mary Elizabeth O'Neill's application for reinstatement is granted; and it is further
ORDERED that Mary Elizabeth O'Neill's name is hereby restored to the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that Mary Elizabeth O'Neill shall, within 30 days of the date of this decision, file an attorney registration statement with the Chief Administrator of the Courts pursuant to Judiciary Law § 468—a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1.