Matter of Saul (2024 NY Slip Op 01863)

Matter of Saul

2024 NY Slip Op 01863

Decided on April 4, 2024

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:April 4, 2024

PM-59-24
[*1]In the Matter of Benjamin Michael Saul, a Resigned Attorney. (Attorney Registration No. 5077359)

Calendar Date:March 18, 2024

Before:Garry, P.J., Pritzker, Ceresia, Fisher and Powers, JJ.

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Benjamin Michael Saul, Washington, DC, respondent pro se.

Per Curiam.
Benjamin Michael Saul was admitted to practice by this Court in 2012, and is also admitted to practice in Rhode Island, Massachusetts, Maryland and the District of Columbia. Saul resigned from the New York bar by November 2013 order of this Court, however, citing a lack of business in this state. Saul now moves for his reinstatement in New York, and the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) opposes the motion based on Saul's noncompliance with Rules of the Appellate Division, Third Department (22 NYCRR) § 806.22 (b) (2), among other things; Saul has been heard in reply.
In addition to the submission of the application in the form of affidavit provided for in appendix F to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.22 (b) (see Matter of Finamore, 207 AD3d 1022, 1023 [3d Dept 2022]; see also Rules of App. Div., 3d Dept [22 NYCRR] § 806.22 [b] [1]), our newly amended rules further require an attorney seeking reinstatement following a period of nondisciplinary resignation of more than two years to submit proof that he or she has earned certain continuing legal education (hereinafter CLE) credits. More specifically, such an applicant must establish that, within two years preceding such an application, he or she successfully completed a minimum of eight credit hours of CLE credits as follows: six credit hours of Skills and/or Law Practice Management that specifically relate to the practice of law in New York; one credit in Ethics and Professionalism; and one credit in either Diversity, Inclusion and Elimination of Bias or Cybersecurity, Privacy and Data Protection (see Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [b] [2]; see also Rules of App Div, All Depts [22 NYCRR] § 1500.2 [c], [d], [e], [g], [h]). While an applicant seeking reinstatement following nondisciplinary resignation was previously not required to submit, in the first instance, any set number or type of CLE credits, we have nonetheless consistently held that such an applicant must establish both the legal education or experience and the necessary character and fitness as would be required of an applicant for admission in the first instance (see Matter of Weiss, 166 AD3d 1159, 1160 [3d Dept 2018]; Matter of Gaudioso, 159 AD3d 1217, 1218 [3d Dept 2018]). To this end, we possess wide discretion to grant the application, with or without any conditions, to deny the application with leave to renew upon the completion of the Multistate Professional Responsibility Examination, the New York Bar Examination (see Rules of Atty Disciplinary Matters [22 NYCRR] § 1240.22 [b]), additional CLE credits (see Matter of Holup, 203 AD3d 1303, 1304 [3d Dept 2022]; Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [b] [2] [iv]), or to take such other action as we deem appropriate (see Rules of Atty Disciplinary Matters [22 NYCRR] § 1240.22 [b]).
We find that Saul has satisfied the procedural requirements in seeking reinstatement following nondisciplinary resignation[*2]. Saul submitted the required form affidavit (see Rules for Atty Disciplinary Matters [22 NYCRR] part 1240, appendix F), as well as current certificates of good standing, which demonstrate that he is in good standing in multiple jurisdictions.[FN1] Saul's initial submissions provided proof that he satisfied the requirements put forth in Rules of the Appellate Division, Third Department (22 NYCRR) § 806.22 (b) (2) (ii) and (iii), supplying proof that he earned one credit in the category of Diversity, Inclusion, & Elimination of Bias and 1½ credits in the Ethics and Professionalism category. While AGC notes that that Saul did not provide proof that he earned the requisite CLE credits in the areas of Skills and/or Law Practice Management, his reply included proof that, in March 2024, he earned six credits in the area of Skills and, upon our review, we conclude that the Skills CLE accreditation specifically relates to the practice of law in New York (see Rules of App Div, 3d Dept [22 NYCRR] § 806.22 [b] [2] [i]). A review of Saul's materials, in sum, do not reveal any concerns about his character and fitness to resume the practice of law in this state. Furthermore, we find no deficiencies related to Saul's legal experience, particularly given his efforts to complete the CLE requirement set forth in our Rules, which would also potentially satisfy the attorney registration requirements in this jurisdiction were he to be reinstated (see Rules of App Div, All Depts [22 NYCRR] § 1500.22 [a]; see also Matter of Finamore, 207 AD3d at 1023), as well as his uninterrupted good standing in several other jurisdictions. Accordingly, having determined that Saul has the required legal training and the necessary character and fitness, we grant his application and restore him to the practice of law, effective immediately (see Matter of Holup, 203 AD3d at 1304; Matter of Weiss, 166 AD3d at 1160; Matter of Gaudioso, 159 AD3d at 1218).
Garry, P.J., Pritzker, Ceresia, Fisher and Powers, JJ., concur.
ORDERED that Benjamin Michael Saul's application for reinstatement is granted; and it is further
ORDERED that Benjamin Michael Saul's name is hereby restored to the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that Benjamin Michael Saul shall, within 30 days of the date of this decision, file an attorney registration statement with the Chief Administrator of the Courts pursuant to Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1.

Footnotes

Footnote 1: We note that AGC's opposition also stems from Saul's failure to provide certificates of good standing issued within 30 days of the execution of his affidavit for reinstatement following nondisciplinary resignation (see Rules for Atty Disciplinary Matters [22 NYCRR] part 1240, appendix F, ¶11). Saul's reply included certificates of good standing issued while this matter has been pending; thus, we conclude that AGC's contentions on this part have been resolved.