Matter of Boujaoude (2025 NY Slip Op 05136)

Matter of Boujaoude

2025 NY Slip Op 05136

Decided on September 25, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 25, 2025

PM-212-25
[*1]In the Matter of F. Elias Boujaoude, a Resigned Attorney. (Attorney Registration No. 5565940.)

Calendar Date:September 15, 2025

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ.

F. Elias Boujaoude, Washington, DC, pro se.
Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.

Per Curiam.
F. Elias Boujaoude was admitted to practice by this Court in 2018. He was granted leave to resign from the New York bar by November 2024 order of this Court (232 AD3d 987 [3d Dept 2024]), however, citing that he no longer practiced law in the state of New York. Now citing concerns about staffing reductions at the federal level, Boujaoude now moves for his reinstatement in New York, and the Attorney Grievance Committee for the Third Judicial Department (hereinafter AGC) advises that it does not oppose Boujaoude's application.
An attorney seeking reinstatement following his or her nondisciplinary resignation must submit an application consistent with the form affidavit as provided in appendix F to Rules for Attorney Disciplinary Matters (22 NYCRR) § 1240.22 (b).[FN1] In terms of substantive requirements, the applicant must also establish that he or she possesses both the legal education or experience, as well as the necessary character and fitness as would be required of an applicant for admission in the first instance (see Matter of Boden, 232 AD3d 1194, 1195 [3d Dept 2024]; Matter of Saul, 226 AD3d 1144, 1145 [3d Dept 2024]).
Here, Boujaoude has properly submitted an affidavit in the required form, and his attestations, overall, raise no concerns about his character and fitness to resume the practice of law in this state (see Matter of Finamore, 207 AD3d 1022, 1023 [3d Dept 2022]). As to his legal education, Boujaoude provided proof that, in April and May 2025, he earned more than nine New York continuing legal education credits (see Rules of App Div, All Depts [22 NYCRR] § 1500.2 [c], [d], [f], [h]), which demonstrates that he remains current in developments in New York law and would potentially satisfy the continuing legal education requirements attendant to his biennial registration requirements in this jurisdiction were he to be reinstated (see Rules of App Div, All Depts [22 NYCRR] § 1500.22 [a]). Having determined that Boujaoude has the required character and fitness, and legal training, and absent any objection from AGC, we grant his application and restore his name to the roll of attorneys and counselors-at-law, effective immediately (see Matter of Cobb, 236 AD3d 1135, 1137 [3d Dept 2025]; Matter of Saul, 226 AD3d at 1146; Matter of Finamore, 207 AD3d at 1023).
Garry, P.J., Pritzker, Reynolds Fitzgerald, McShan and Powers, JJ., concur.
ORDERED that F. Elias Boujaoude's application for reinstatement is granted; and it is further
ORDERED that F. Elias Boujaoude's name is hereby restored to the roll of attorneys and counselors-at-law of the State of New York, effective immediately; and it is further
ORDERED that F. Elias Boujaoude shall, within 30 days of the date of this decision, file an attorney registration statement with the Chief Administrator of the Courts pursuant to Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1.

Footnotes

Footnote 1: While not applicable to Boujaoude given the length of time since his resignation, we nonetheless remind the bar that an applicant seeking reinstatement following nondisciplinary resignation who has been resigned for an actual duration of two years or more must provide proof that, within two years preceding such application, he or she successfully completed certain continuing legal education credits (see e.g. Matter of Rankin, 233 AD3d 1344, 1344-1345 [3d Dept 2024]).